**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES of AMERICA, Plaintiff, v. GIGI KNOWLE, Defendant. | Criminal Action No. 20-739 (SRC) **OPINION & ORDER** |

**CHESLER, District Judge**

This matter comes before the Court on the renewed motion to terminate probation, pursuant to 18 U.S.C. § 3564(c), by Gigi Knowle ("Knowle"). On October 8, 2026, Defendant filed a renewed motion to terminate probation. The motion states: "Defendant requests to terminate his probation due to multiple ongoing medical issues." (Def.'s Br. at ⁋ 6.) Defendant submitted a very similar motion in October, 2025, also citing the ongoing medical issues, and this Court denied the motion. This year, Defendant has included a letter from an Austrian physician, who opines that Defendant would benefit from being closer to his Austrian doctors.

The applicable statutory provision states:

> Early termination. The court, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

At the outset, the Court notes that Defendant's brief does not refer to § 3564(c), nor does it make any argument that termination of probation is warranted by the conduct of the defendant and the interest of justice. Instead, Defendant's brief restates details about his medical difficulties, but does not contend that his probation has impacted his ability to obtain medical treatment. As the Government points out in opposition, Defendant has not contended that the conditions of probation have hindered his obtaining medical treatment. As a result, this Court does not find that Defendant's medical conditions warrant early termination of probation; to the contrary, Defendant has not posited that conditions of probation have adversely affected his medical conditions. Nor has Defendant argued that termination of probation is warranted by his conduct and the interest of justice, as required by § 3564(c).

In response to the motion, the United States contends that Defendant has offered no legitimate reason for termination of probation, and asks that the motion be denied. This Court agrees with the United States: Defendant has not asserted any basis for termination of probation under the requirements of § 3564(c). The Court notes that, in fact, Defendant has been allowed to travel internationally, without Court approval, to obtain medical treatment.

Defendant's motion asserts no facts in support of his application. Defendant has not persuaded the Court that he is entitled to early termination of probation. The Court is not satisfied, pursuant to 18 U.S.C.S. § 3564(c), that early termination of probation is warranted by the conduct of the defendant and the interest of justice. Moreover, the letter from the Austrian physician does not assert any substantial medical reason weighing in favor of early termination.

In addition, as the Government points out that, pursuant to the plea agreement Defendant entered, he waived any right to challenge any part of his sentence. Furthermore, the sentence

Defendant received was a generous one, relative to the criminal conduct for which he was sentenced. The motion will be denied.

For these reasons,

**IT IS** on this 29th day of October, 2026,

**ORDERED** that Defendant's motion for termination of probation (Docket Entry No. 57) is **DENIED**.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J